UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| **PATRICK HENNESSEY AND GARY SIBLEY**, individually and on behalf of all others similarly situated | § § § § | Docket No. _____ |
| **Plaintiffs,** | § § | JURY TRIAL DEMANDED |
| vs. | § § § | COLLECTIVE ACTION PURSUANT TO 29 U.S.C. § 216(b) |
| **CONN'S APPLIANCES, INC.** | § § | |
| **Defendant.** | § | |

## ORIGINAL COLLECTIVE ACTION COMPLAINT

### I. SUMMARY

1. Conn's Appliances, Inc. (Conn's) failed to pay its "outside collectors" overtime as required by the Fair Labor Standards Act (FLSA). Conn's paid these workers a salary per week for all hours worked, including those in excess of forty (40) in a workweek. This collective action seeks to recover the unpaid overtime wages and other damages owed to these workers.

### II. JURISDICTION AND VENUE

2. This Court has original subject matter jurisdiction pursuant to 28 U.S.C. § 1331 because this action involves a federal question under the FLSA.

3. Venue is proper in this Court pursuant to 28 U.S.C. § 1391(b).

### III. THE PARTIES

4. Patrick Hennessey is a resident of Richmond, Texas and worked for Conn's as an Outside Collector. His consent to be a party plaintiff has been attached hereto as Exhibit 1.

5. Gary Sibley is a resident of Flower Mound, Texas and worked for Conn's as an Outside Collector. His consent to be a party plaintiff has been attached hereto as Exhibit 2.

6. Patrick Hennessey and Gary Sibley are hereinafter collectively referred to as "Named Plaintiffs."

7. The class of similarly situated employees consists of all individuals who were (a) employed by Conn's as outside collectors within the past three years; and (b) paid a "salary" with no overtime compensation.

8. Conn's is a Delaware corporation with its headquarters in Beaumont, Texas. Conn's may be served by serving its registered agent Sydney K. Boone, Jr., at 3295 College Street, Beaumont, Texas, 77701.

### IV. THE FACTS

9. Conn's is a retail chain store. Its employees regularly handle goods or materials that have moved in, or were produced for, commerce such as televisions, refrigerators, etc. Conn's is an enterprise engaged in commerce under the FLSA.

10. Conn's employed named plaintiffs as "salaried" outside collectors. They were reclassified from hourly to salary in approximately July 2009.

11. The primary job duty of an outside collector is to perform non-exempt duties such as collections. Named plaintiffs were engaged in commerce or in the production of goods for commerce.

12. The named plaintiffs routinely worked more than forty (40) hours in a workweek.

13. Conn's paid claimants a salary for all the hours they worked in a workweek.

14. Despite its obligations under the FLSA, Conn's did not pay named plaintiffs any overtime premium whatsoever.

### V. COLLECTIVE ACTION ALLEGATIONS

15. Named plaintiffs re-allege paragraphs 1-12 as if set out here in their entirety.

16. In addition to named plaintiffs, Conn's employed many other salaried outside collectors.

17. The other outside collectors performed the same or similar job duties for Conn's as did the named plaintiffs.

18. Conn's paid its other outside collectors in the manner it paid the named plaintiffs, by denying them overtime for all hours worked in excess of forty in a workweek.

### VI. CAUSE OF ACTION

19. Named plaintiffs re-allege paragraphs 1-16 as if set out here in their entirety.

20. By failing to pay named plaintiffs and other salaried outside collectors overtime at one-and-one-half times their regular rates, Conn's violated the FLSA's overtime provisions.

21. Conn's owes named plaintiffs and all the salaried outside collectors overtime at one-and-one-half times their regular rates for all hours worked in excess of forty in a workweek. Because Conn's knew, or showed reckless disregard for whether, its pay practices violated the FLSA, Conn's owes these wages for at least the past three (3) years.

22. Named plaintiffs and all other salaried outside collectors are also entitled to liquidated damages in an amount equal to their unpaid wages.

23. Named plaintiffs and the salaried outside collectors are entitled to recover their reasonable attorneys' fees and costs incurred in this action.

## JURY DEMAND

24. Named plaintiffs demand a trial by jury.

## PRAYER

Named plaintiffs respectfully request judgment in their favor awarding them and the salaried outside collectors:

1. An order allowing this action to proceed as a representative collective action under the FLSA;

2. All unpaid overtime compensation, liquidated damages, attorneys' fees and costs under the FLSA;

3. Pre- and post-judgment interest on all amounts awarded at the highest rate allowable by law; and

4. All such other and further relief to which named plaintiffs and the salaried outside collectors may show themselves to be justly entitled.

Respectfully submitted,

By: /s/ Michael A. Josephson
      Michael A. Josephson
      Fed. Id. 27157
      Texas Bar No. 24014780
      **FIBICH, HAMPTON & LEEBRON, L.L.P.**
      1401 McKinney, Suite 1800
      Houston, Texas 77010
      713-751-0025 – Telephone
      713-751-0030 – Facsimile
      mjosephson@fhl-law.com

**AND**

By: /s/ Michael K. Burke
      Michael K. Burke
      Texas Bar No. 24012359
      Richard Burch
      Texas Bar No. 24001807
      **BRUCKNER BURCH, P.L.L.C.**
      1415 Louisiana St., Suite 2125
      Houston, Texas 77002
      713-877-8788 – Telephone
      713-877-8065 – Facsimile
      mburke@brucknerburch.com

**ATTORNEYS IN CHARGE FOR PLAINTIFFS**